IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEXAS AROMATICS, LP, § | | |
|    INTERPLEADER PLAINTIFF § | | |
| § | | |
| VS. § | CIVIL ACTION NO. _____ | |
| § | | |
| QUIMICA VENOCO, C.A., § | | |
| PETROLEOS DE VENEZUELA, S.A., AND § | | |
| ACEITES Y SOLVENTES VENEZOLANOS § | | |
| VASSA, S. A., § | | |
|    INTERPLEADER DEFENDANTS § | | |

**COMPLAINT AND REQUEST FOR INTERPLEADER AND
FOR DECLARATORY JUDGMENT OF TEXAS AROMATICS, L.P.**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Texas Aromatics, L.P., files this Complaint and Request for Interpleader and for Declaratory Judgment, and respectfully states the following:

**I.**

**<u>Introduction</u>**

1. Interpleader Plaintiff Texas Aromatics, LP faces conflicting claims to amounts owing for two shipments of petrochemical co-products purchased by Texas Aromatics from Quimica Venoco, C.A. ("Venoco"). Specifically, the Government of Venezuela nationalized all of the assets of Venoco and notified Texas Aromatics that Petroleos de Venezuela, S.A. ("PDVSA") had taken control of the assets belonging to Venoco, including accounts receivable, and all other

benefits derived from the plant operations of which PDVSA took control. PDVSA notified Texas Aromatics that it had assigned these seized assets and obligations to Aceites Y Solventes Venezolanos Vassa, S.A. ("VASSA") in order for VASSA to execute the occupation and operate the seized assets. PDVSA and VASSA have demanded that Texas Aromatics pay the amounts owing for the two shipments to them, and Venoco has demanded that Texas Aromatics pay the amounts it owes to Venoco. Texas Aromatics is an innocent stakeholder in this dispute and seeks to interplead the funds into the registry of this Court and requests the Court to determine the rightful recipient(s) of the same. Texas Aromatics also seeks a declaration that it has satisfied its duties and obligations with respect to the payment of the invoices for the two shipments and that Texas Aromatics owes no other duties or obligations to any parties for amounts due under these invoices.

## II.

## Parties

2.     Interpleader Plaintiff Texas Aromatics, LP is a limited partnership organized under the laws of the State of Texas, and has its principal place of business at 3555 Timmons Lane, Suite 700, Houston, Texas 77027-6466.

3.     Defendant Quimica Venoco, C.A. is a corporation organized and existing by virtue of the laws of the Bolivarian Republic of Venezuela and may be served with citation as authorized by the Hague Convention and the Service

Abroad of Judicial and Extrajudicial Documents by forwarding the citation and Complaint to the following address: Av. La Estancia, C.C.C.T Primera etapa, Nivel C2, Sector Yarey, Locall 53-06, Chuao-Caracas Venezuela, Attn. Eduardo Salinas.

4. Defendant Petroleos de Venezuela, S.A. ("PDVSA") is the state-owned oil company of Venezuela and was and is an agency or instrumentality of a foreign state as defined in 28 U.S.C. § 1603(b) and may be served with citation as authorized by the Hague Convention and the Service Abroad of Judicial and Extrajudicial Documents, by forwarding the citation and Complaint to the following address: Av. Libertador La Campina 169, Edificio Petroleos de Venezuela, Torre Este, Caracas, D.F., Venezuela.

5. Defendant Aceites Y Solventes Venezolanos Vassa, S.A. ("VASSA") is a corporation organized and existing by virtue of the laws of the Bolivarian Republic of Venezuela and, on information and belief, is a subsidiary of PDVSA, and is an agency or instrumentality of a foreign state as defined in 28 U.S.C. § 1603(b), and may be served with citation as authorized by the Hague Convention and the Service Abroad of Judicial and Extrajudicial Documents by forwarding the citation and Complaint to the following address: Av. Francisco de Miranda con Calle San Ignacio de Loyola, Torre Metalica, Piso 3, Chacao, Caracas 1060, Venezuela.

# III.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction in accordance with 28 U.S.C. § 1335 because this is an action in the nature of an interpleader filed by a party who has in its custody or possession money of the value of $500 or more and two or more adverse claimants, of diverse citizenship, are claiming or may claim to be entitled to such money.

7. In addition, this Court has original subject matter jurisdiction under 28 U.S.C. § 1330, in that this action involves a dispute against PDVSA and VASSA, who are agencies and instrumentalities of a foreign state as defined in 28 U.S.C. 1603(a) and (b), which, under 28 U.S.C. § 1605(a)(2) are not immune from the jurisdiction of the courts of the United States.

8. This action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the United States that was taken in connection with a commercial activity outside of the United States that caused a direct effect in the United States.

9. Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391(b)(2), as the property made the subject of this interpleader is located in Houston, Harris County, Texas. Furthermore, venue is also proper

under 28 U.S.C. § 1391(f)(1) in that PDVSA and VASSA are agencies or instrumentalities of a foreign state as defined in 28 U.S.C. § 1603(a) and (b) and the property made the subject of this interpleader is situated in Houston, Harris County, Texas.

## IV.

## Statement of Facts

10. Texas Aromatics, LP is a petrochemical marketing company that buys and sells petrochemical products such as aromatic blendstocks, gasoline blendstocks, fuel oil, and petrochemical co-products.

11. Beginning in 2006, Texas Aromatics, LP routinely purchased from a subsidiary of Venoco, petrochemical co-products, which are used for petrochemical aromatic extraction blending. By letter dated October 17, 2014, PDVSA—the state-owned oil company of Venezuela—notified Texas Aromatics that the Bolivarian Republic of Venezuela had forcefully acquired all assets, goods, and property (including accounts receivable) of Venoco, along with the other Venoco entities.[1] The letter notified Texas Aromatics that the Venezuelan government allowed PDVSA or one of its affiliates to have control and possession of all property acquired by the government, and notified Texas Aromatics of the assignment to VASSA of certain rights to operate the acquired companies. A true

---

[1] The letter is on letterhead of both PDVSA and VASSA, and is signed by Alfredo Gonzalez Bandres, "President Operations Team PDVSA-VASSA".

and correct copy of the letter from PDVSA (and VASSA) to Texas Aromatics is attached hereto as Exhibit A. The letter attached as Exhibit A notifies Texas Aromatics that PDVSA was taking total control of all "contracts with domestic/national and export clients [and] accounts receivable derived from the occupied plant operations under which PDVSA has taken control". The correspondence notifies Texas Aromatics to make all payments to a designated bank account with VASSA named as the beneficiary.

12. Since the October 17, 2014 correspondence notifying Texas Aromatics of the seizure of Venoco's assets was received from PDVSA and VASSA, Texas Aromatics has received two shipments of petrochemical co-products under the agreement with Venoco, for which Texas Aromatics owes $3,159,702.28. Also, since the date of this notification, Texas Aromatics has received correspondence from Venoco demanding payment from Texas Aromatics for the two shipments, and stating that Venoco's property was improperly taken under Venezuelan law. Attached hereto as Exhibit B is a copy of the correspondence received from Venoco dated December 12, 2014 demanding payment.

13. Because of the conflicting claims, on January 9, 2015, Texas Aromatics sent correspondence to PDVSA-VASSA and Venoco notifying these parties that there had been conflicting and adverse demands for payment of the

amounts owing by Texas Aromatics and that Texas Aromatics was uncertain as to the party entitled to receive the amounts that it owes. Texas Aromatics notified PDVSA-VASSA and Venoco that it was unable to pay either party until it received jointly-issued instructions signed by PDVSA and Venoco notifying Texas Aromatics as to the proper and agreed-upon recipient of the amounts owed by Texas Aromatics. A true and correct copy of Texas Aromatics's January 9, 2015 letter is attached hereto as Exhibit C.

14. Venoco responded to Texas Aromatics by letter dated January 15, 2015, a copy of which is attached hereto as Exhibit D. In its correspondence, Venoco reconfirmed its demand that Texas Aromatics pay all amounts owing to it and not to PDVSA-VASSA, who Venoco claims has "failed to comply [with] all applicable laws", and "occupied the premises without opening the corresponding expropiation [sic] proceedings before competent courts." PDVSA-VASSA responded to Texas Aromatics by email, and attached documents related to the expropriation of Venoco's property and reiterated that Texas Aromatics should direct payments for the amounts owing to VASSA's bank account – the same account referenced in its October 17, 2014 letter.

15. Texas Aromatics claims no title to, or interest in the $3,159,702.28 owed for the two shipments and is ready and willing to pay this amount to the entity or entities entitled to this sum, but Texas Aromatics is unable to make that

determination without exposing itself to double or multiple liability on account of the above-referenced facts.

## V.

### Interpleader

16. By reason of the conflicting claims of the Defendants, Texas Aromatics is in great doubt as to which entity is entitled to be paid the money at issue, in which each has made demand for payment.

17. Texas Aromatics has a reasonable fear of multiple liability because of these adverse and conflicting claims.

18. Texas Aromatics claims no title to, nor interest in, the property at issue and is ready and willing to pay the property at issue to the entities found by the Court to be entitled to it, but Texas Aromatics is unable to make that determination without exposing itself to double or multiple liability on account of the potential competing claims made by the Defendants.

19. Texas Aromatics is ready, willing, and hereby offers to deposit the monies in its possession representing payment for the invoices for the two shipments in question into the registry of this Court, or with any person duly authorized by the Court to receive it.

20. Texas Aromatics has no means other than this action to protect itself against the claims made by the Defendants to the property.

## VI.

## Claim for Attorney's Fees

21.     Texas Aromatics is a disinterested stakeholder and is not in substantial controversy with one or more of the claimants.  As such, Texas Aromatics is entitled to an award of its reasonable attorney's fees incurred in connection with the filing of this interpleader action.

## VII.

## Request for Declaratory Relief

22.     In addition to the aforementioned interpleader relief requested, Texas Aromatics seeks a judgment from this Court for the following declarations:

(a)     a declaration that Texas Aromatics shall have no liability to any purported claimant(s) for any amounts owing on the invoices related to the two shipments described in this Complaint;

(b)     a declaration that Texas Aromatics shall have no liability for the amounts that Texas Aromatics has or will deposit into the registry of this Court;

(c)     a declaration that, upon depositing of the amounts representing payment of the invoices for the two shipments made the subject of this Complaint, that Texas Aromatics be released and discharged from any and all liability to the Interpleader Defendants with respect to any further duties and obligations for the amounts owing under the invoices.

# VIII.

# Prayer

WHEREFORE, Interpleader Plaintiff Texas Aromatics, LP respectfully requests that the Court enter judgment:

(A) directing Texas Aromatics, LP to pay the amounts it is holding for payment of the invoices representing the two shipments made the subject of this Complaint into the Court's registry;

(B) directing the Interpleader Defendants to interplead their rights to such sums;

(C) restraining the Interpleader Defendants, and each of them, from instituting any action against Texas Aromatics, LP to recover such sums;

(D) discharging Texas Aromatics, LP from all liability to the Interpleader Defendants arising out of the matters herein set forth upon payment of the amounts held by it for payment of the invoices into the Court's registry;

(E) directing payment to Texas Aromatics, LP of its attorney's fees and costs of this action out of the funds deposited by Texas Aromatics, LP into the Court's registry; and

(F) for such other and further relief, both legal and equitable, as this Court deems proper.

Respectfully submitted,

**DE LANGE, HUDSPETH, MCCONNELL & TIBBETS, L.L.P.**

By: /s/ Ben A. Baring, Jr.
    BEN A. BARING, JR.
    State Bar No. 01739050
    Federal ID No.: 1541
    bbaring@dhmtlaw.com
    1177 West Loop South, Suite 1700
    Houston, TX 77027
    Phone: 713-871-2000
    Fax: 713-871-2020

ATTORNEY IN CHARGE FOR
TEXAS AROMATICS, LP

OF COUNSEL:

De Lange, Hudspeth, McConnell & Tibbets, L.L.P.
1177 West Loop South, Suite 1700
Houston, TX 77027
Phone: 713-871-2000
Fax: 713-871-2020

 

Guacara, October 17th, 2014

Dear Clients,

According to Decree N° 7.712, issued on October 10th 2010, published on Official Gazette N° 39.528 of the Bolivarian Republic of Venezuela, we hereby inform you the forceful acquisition of all assets, goods and real estate properties, all office equipment and furniture, technical equipments, including all production plants, all transportation vehicles of manufactured goods and personnel, as well as warehouse facilities, which belong and are currently in possession of INDUSTRIAS VENOCO, C.A., QUIMICA VENOCO, C.A., PROMOTORA VENOCO, C.A., C.A. NACIONAL DE GRASAS LUBRICANTES, ADITIVOS ORINOCO DE VENEZUELA, C.A., LUBRICANTES VENOCO INTERNACIONAL, C.A. Y SERVICIOS TÉCNICO ADMINISTRATIVOS VENOCO, C.A., and so on as the Supreme Court of Justice's sentence issued on September 17th of 2014, which firmly confirmed the previously mentioned Decree 7.712, which allows Petróleos de Venezuela, S.A., or one of its affiliates to have total faculty of possessing all of the property previously described, assigning ACEITES Y SOLVENTES VENEZOLANOS VASSA, S.A. to execute occupation and proceed to operate all of the previously mentioned mercantile societies.

In attention to this measure, PDVSA assumes and takes total control of all assets and operative activities involving all previously mentioned mercantile societies/companies with the strict purpose of allowing administrative, productive and technical continuity. Therefore, it is highly important to inform the following:



- Due to this occupation, PDVSA takes total control and will perform every managerial activity involving all assets that belonged to INDUSTRIAS VENOCO and its affiliates. PDVSA will assume administrative control of domestic / national and international balances that have financial implications up to where they would be sufficiently supported by legitimate records regarding all dispatches of manufactured goods by **PDVSA – VASSA Plantas Guacara y El Tablazo.** This also includes all subscribed contracts with domestic/ national and export clients, accounts receivable, as well as any other type of benefits derived from the occupied plant operations under which **PDVSA** has taken control.

By complying with such financial duties, PDVSA will significantly contribute to its institutional improvement, internal, as well as external. Simultaneously, PDVSA will strengthen its capacity to give and receive better contractual terms and conditions in the future; consequently PDVSA – VASSA Plantas Guacara y El Tablazo will be able to guarantee the high quality of our products and services to all of our clients.

Carretera Nacional Aragüita Guacara, Edo. Carabobo. Via Principal Aragüita, Complejo Industrial Pdvsa Vassa Planta Guacara, Edo. Carabobo

**EXHIBIT A**

 

For these reasons, and in order to continue commercial relations with PDVSA – VASSA Plantas Guacara y El Tablazo (formerly VENOCO), all payments in our favor have to be made through the following banking and account information:

**Accounts in US Dolars (US $) foreign bank:**

BANK: COMMERCE BANK, N.A.
ADDRESS: 3105- N.W. 1007TH AVENUE MIAMI, FL 33172
PH. NUMBER: 305-460-8705
ABBA: 067010509
ACCOUNT: 4510086306
SWIFT: MNBMUS33
BENEFICIARY: ACEITES Y SOLVENTES VENEZOLANOS VASSA, S.A.

Without further matter to make reference of, and appreciating your attention and consideration.
Sincerely yours.

Best Regards

Alfredo González Bandres
President Operations Team
Guacara and Tablazo Plants
PDVSA - VASSA

CC: Mr. Jesús Luongo – Vice President of Refining, Trading and Supply PDVSA
    Mr. Víctor Aular – Vice President of Finance PDVSA
    Mr. Ciro Peña – President of VASSA

Carretera Nacional Aragüita Guacara, Edo. Carabobo. Via Principal Aragüita, Complejo Industrial Pdvsa Vassa Planta Guacara, Edo. Carabobo



RIF: J-07505148-3

Caracas, December 12, 2014

Sirs
**TEXAS AROMATICS LP.**
**Houston, Texas 77227,**
**USA**

Att. Sra. Staci Voll

Dear Sirs:

Following our communication dated November 4th, we request the timely payment of the invoices listed on the attached statement on the Química Venoco, C.A. account indicated on that communication.

We consider appropriate to inform you, that notwithstanding, the provisions of Decree 7.712 dated October 10, 2010, and the Supreme Court decision dated September 17, 2014, we are in a legal situation of cessation of effects of Decree 7.712, by lapse of time set in three (3) years, pursuant to the provisions of Article 124 of the "Ley Orgánica de Ordenación del Territorio" and jurisprudence of the Political and Administrative Chamber of the Supreme Court, however, the officers involved under a sui generis procedure occupied the premises without opening **the corresponding expropriation proceedings before the competent courts** (underlined and bold added), as provided in the Law on expropriation for Public or Social causes. Because of that cessation, the legal representatives of the company presented to Petróleos de Venezuela SA (PDVSA), People's Ministry of Petroleum and Mining, and with the Attorney General's Office, a request for decay of the Decree 7.712

Additionally, we also consider appropriate to highlight that the Supreme Court decision explicitly states that "corporations are not subject for expropriation" therefore **these subsist, as their rights and obligations** (underlined and bold added), being the collection of invoices fundamental part of such rights, and the decree may not intervene in a business relationship under private law, hence the obligations of commercial companies under trade relations must be strictly complied between the contracting parties, otherwise, the person liable for payment, will not be released from its debt if such debt is paid to a governmental company with no contractual or bargaining relationship.

In this particular case, Texas Aromatics, LP requested products through purchase orders, in consequence, Química Venoco, C.A. proceeded to issue the invoices and to deliver the goods in compliance with the terms and conditions set forth in those agreements, fully complying its obligations, consequently Texas Aromatics, LP is responsible for making timely payment of the debt.

Waiting for your prompt attention in order to anticipate future legal actions.

Eduardo Salinas
President

**EXHIBIT**

**B**



# TEXAS AROMATICS, LP

P.O. BOX 22856
HOUSTON, TEXAS 77227-2856
3555 TIMMONS, SUITE 700
HOUSTON, TEXAS 77027-6466
(713) 520-2900
(713) 520-0184 FAX

January 9, 2015

PDVSA-VASSA
Attn: Alfredo Gonzalez Bandres
President Operations Team

QUIMICA VENOCO, C.A.
Attn: Eduardo Salinas
President

Re:   Texas Aromatics, LP

Dear Sirs:

    Texas Aromatics, LP has received correspondence from PDVSA-VASSA dated October 17, 2014, and correspondence from QUIMICA VENOCO, C.A. dated December 12, 2014 (which was translated into English and sent to Texas Aromatics, LP on January 7, 2015), each demanding that Texas Aromatics, LP pay the amounts owing by Texas Aromatics, LP to it. Because of the conflicting and adverse demands for payment, Texas Aromatics, LP is uncertain as to the party entitled to receive the amounts it owes, and paying either party exposes Texas Aromatics, LP to possible multiple liability.

    Accordingly, Texas Aromatics, LP is unable to pay either PDVSA or Venoco until it receives jointly-issued instructions signed by authorized officers of both PDVSA and Quimica Venoco, notifying Texas Aromatics, LP as to the proper and agreed-upon recipient of the payments owing by Texas Aromatics, LP. If, within ten days of the date of this letter, Texas Aromatics, LP does not receive jointly-issued instructions as to the proper party to pay, Texas Aromatics, LP will have no option but to interplead the amounts owing into the court's registry.

Very truly yours,

*[signature]*

Frederick B. DuPre
Executive Vice President

**EXHIBIT C**



RIF: J-07505148-3

January 15th, 2015

Texas Aromatic LP
Houston, Texas

Attn. Frederick B. Dupre
Executive Vice President

Dear Sirs,

Regarding your correspondence dated January 9th, 2015, we will like to express the following comments.

Química Venoco C.A., sent by email and courier, to Texas Aromatic LP, three (3) letters related to the payment of the invoices dated as follow:

- November 4th, 2014
- December 12th, 2014 and
- January 12th, 2014

Notwithstanding that the letter from PDVSA-VASSA mentioned is dated October 2014, an English version was received on the second half of November 2014 by Texas Aromatic LP, as it was informed by your account executive.

The option referred in your communication of a possible agreement between PDVSA-VASSA and QVCA, it's not viable, PDVSA-VASSA has no intention to negotiate. As we previous informed, PDVSA-VASSA's officers occupied the premises without opening the corresponding expropiation proceedings before the competent courts, and at the present time they have failed to comply all applicable laws.

Therefore we must insist that Química Venoco C.A. it's the solely beneficial and lawful owner of those invoices and the rights and obligations of the said bills, in this sense we will carry out the necessary actions.

Finally be advice that all communications referred to our commercial relation are private and confidential, therefore, its contents may not be copied, used or disclosed.

Sincerely,

Eduardo Salinas
President

**EXHIBIT**

**D**